**QI FENG QIU, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

No. 03–4970–ag.

United States Court of Appeals, Second Circuit.

Jan. 25, 2007.

Theodore N. Cox, New York, NY, for Petitioner.

David E. Nahmias, United States Attorney for the Northern District of Georgia, Evan S. Weitz, Assistant United States Attorney, Atlanta, GA, for Respondent.

PRESENT: Hon. THOMAS J. MESKILL, Hon. ROBERT D. SACK and Hon. SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Petitioner Qi Feng Qiu, a citizen of the People's Republic of China, seeks review of a May 1, 2003 order of the BIA denying his motion to reopen. *In re Qi Feng Qiu,* No. A70 584 593 (B.I.A. May 1, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam); *Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006)(per curiam). "A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1) (2005); *Norani v. Gonzales,* 451 F.3d 292, 294 & n. 3 (2d Cir.2006) (looking to the date on which the IJ closed the record as the date before which the evidence must have been unavailable, undiscoverable, or unpresentable). Failure to offer such evidence is, therefore, a proper ground on which the BIA may deny a motion to reopen, as is the movant's failure to establish a prima facie case for the underlying substantive relief sought. *See INS v. Abudu,* 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).

Qiu argues that the BIA abused its discretion by failing to reopen his case, asserting that a 2002 Aird affidavit constituted material evidence of his claim and was previously unavailable. Qiu's asserted new evidence and his arguments, however, do not provide a challenge to the agency's determination that he had firmly resettled in Panana and did not, therefore, warrant relief. Thus, even if the BIA had erred in failing to reopen Qiu's case based on the alleged new evidence, remand by this court would be futile because the BIA would reach the same result absent any errors. *See Alam v. Gonzales,* 438 F.3d 184, 187–88 (2d Cir.2006).

For the foregoing reasons the petition for review is DENIED.